(163 App. Div. 695)

LYNCH et al. v. BRITT et al.     (No. 6105.)

(Supreme Court, Appellate Division, First Department.   August 26, 1914.)

JUDGES (§ 3*)—NEW YORK CITY COURT—TERMS OF OFFICE—VACANCIES.
    Greater New York Charter (Laws 1897, c. 378) § 1346, providing that the justices of the City Court in office when the act takes effect (January 1, 1898) shall continue to hold office "till expiration of their respective terms," but that their successors shall be elected for and hold office for the period of ten years, merely increases to ten years the terms of office commencing after the act takes effect; and one thereafter elected because of a vacancy is elected only for the unexpired portion of the term; and no other being elected for the next term, but he continuing in the office, there is a vacancy, to be filled by an election in an even-numbered year.
    [Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 4–10; Dec. Dig. § 3.*]

    Ingraham, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Application by Richard T. Lynch and Edward B. La Fetra for a peremptory writ of mandamus against J. Gabriel Britt and others, as Custodians of Primary Records and as Commissioners of Elections, and as City Clerk, of the City of New York, to require them to refrain from taking any proceedings for the nomination or election of successors to petitioners as Justices of the City Court of the City of New York, at the primary and general election for the year 1914. From an order granting the writ, appeal is taken. Reversed, and motion denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, DOWLING, and HOTCHKISS, JJ.

Samuel J. Rosensohn, of New York City, for appellants.

Herbert C. Smyth, of New York City (Frederick C. Scofield, of New York City, on the brief), for respondents.

LAUGHLIN, J. The majority opinion of the Court of Appeals in Trounstine v. Britt, 106 N. E. 129, holds that the Legislature, by section 1346 of the Greater New York Charter (chapter 378, Laws 1897), which took effect on the 1st day of January, 1898, in providing that the justices of the City Court then in office should continue to hold office "until the expiration of their respective terms," but that their successors "shall be elected for and hold office for the period of ten years," contemplated that the successors not to the individual justices then in office should be elected for ten years, but that those elected after the expiration of the terms of office then existing should hold for ten years. On this appeal we are bound by that opinion and have only to apply it to the facts presented.

The petitioners were both duly elected at the general election in 1908 after said section of the Greater New York Charter had taken effect. There were at that time unquestionably two vacancies in the office of justice of the City Court. One was caused by the death of Justice McCarthy on the 6th day of February, 1908. He concededly had been duly elected at the general election in 1907 for a term of ten years, commencing January, 1908. The other was owing to the fact that it had been assumed that Justice Hascall, who had been elected in-1898 to fill the vacancy caused by the resignation of Justice Van Wyck in December, 1897, after having been duly elected for the term of six years, commencing on the 1st day of January, 1896, the vacancy in the interim having been filled by appointment, was elected for the term of ten years instead of for the unexpired term to which Justice Van Wyck had been elected, and Justice Hascall continued to hold the office under his certificate of election until his death, March 25, 1908.

Under the decision of the Court of Appeals in Trounstine v. Britt, supra, Justice Hascall's term expired on the 31st day of December, 1901, and the succeeding term which had been lengthened to ten years expired on the 31st day of December, 1911. Therefore the election of neither of the petitioners in 1908 was for a full term, and that election in an even-numbered year would have been invalid if it had not been to fill vacancies (section 3 of article 12 of the State Constitution). One of the petitioners was elected for the remainder of a term expiring December 31, 1911, and the other was for the remainder of a term expiring December 31, 1917. It having been assumed that both were elected for full terms of ten years, it is contended that it is not possible to decide to which vacancy either of the petitioners was elected. The learned Special Term granted the writ on the theory that an election will be futile for the reason that neither the nomination nor the election of either petitioner shows to which vacancy he was elected. We are of opinion that one vacancy in the office now exists, and that

the electors are entitled to fill it at the next general election. We are not now concerned with the question as to which of the petitioners' term of office has expired, or whether it will be possible to decide that question after the election of a successor to one of them. Indeed, the question may never arise, for one of them may be elected to the vacancy.

It follows that the order should be reversed, and motion denied.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

DOWLING and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. (dissenting). Upon no theory of the facts presented in this case is there a vacancy in the office of justice of the City Court to be filled at the general election in 1914.

The order appealed from should therefore be affirmed, with $10 costs and disbursements.

McLAUGHLIN, J., concurs.